RAMÓN G. GOYCO ET AL., Plaintiffs and Appellants *v.* ROYAL BANK OF CANADA, Defendant and Appellee.

No. 4099. Argued April 27, 1927.—Decided July 26, 1927.

*R. Arjona Siaca* for the appellants. *Alberto S. Poventud* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 31st of October, 1924, the Royal Bank of Canada brought a suit on a promissory note against Ramón G. Goyco and Dionisia and Elisa Arabía de Goyco jointly (*mancomunadamente*) for the sum of $700 and interest. The note was copied into the complaint and after several preliminary steps the defendants filed a general unsworn answer, denying all the facts of the complaint. The plaintiffs sought and obtained a judgment on the pleadings on March 30, 1925. The defendants sought to appeal from the judgment but for

reasons of procedure failed to obtain a review in this court. The facts are more fully set forth in *Royal Bank of Canada* v. *Goyco,* 34 P.R.R. 495, and the *per curiam* decision of this court of March 10, 1926.

The present suit is one to set aside the judgment of March 30, 1925. The theory is that the said judgment is a nullity and hence may be collaterally attacked. Let us retrace our steps to say that the judgment of March 30, 1925, was obtained because the plaintiff bank successfully maintained that the general answer of the then defendants admitted the facts of the complaint, relying on section 119 of the Code of Civil Procedure, as follows:

"When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified."

The present complainants very properly maintain that while the genuineness and execution of an instrument are admitted, none of the other averments of the complaint are so admitted. Among the facts not admitted is the payment of the instrument or, under certain circumstances, its delivery. A defendant, despite the terms of section 119, might always show that he had paid a promissory note and has a right to be heard on that issue necessarily raised by a general denial and, as we have indicated, in the question of delivery.

When the present suit was filed the defendant bank, along with other supposed defenses, relied on *res adjudicata* or an estoppel by the former judgment. Some question there has been whether some of the previous actions of the present plaintiffs in combating the judgment did not in themselves estop them. The then defendants appealed or attempted to appeal, opposed the imposition of costs and made various appearances. All this time, however, their general answer was on file in the court. The only questions before us in this regard are whether the judgment of March 30, 1925, is such

a nullity that the defendants may attack it collaterally. If the judgment is entirely void it is void for all time.

Incidentally, we may say that the then defendants at any time might have filed a motion in the former suit to set aside the judgment, if it was totally void. A void judgment, no other estoppel arising, may be directly attacked at any time. The then defendants waived nothing by allowing time to elapse.

The real question is whether the judgment was a total nullity or not and we see no escape from the conclusion that it was. After an issue raised by an answer the defendants are entitled to a trial on the facts not admitted. A judgment on the only issues involved rendered without a trial is absolutely void. Section 195 *et seq., Code Civil Procedure; Windsor* v. *The Veigh,* 93 U. S. 274; *Reynolds* v. *Stockton,* 140 U. S. 254; *Johnson* v. *McKinnon,* 13 L.R.A. (N. S.) 874; *Zayas Vázquez et al.* v. *Registrar of Guayama,* 36 P.R.R. 705; *Ex parte Thomas,* 12 P.R.R. 354; 15 R.C.L. 604 *et seq.* Authorities cited by the appellee to the effect that a judgment may not be attacked collaterally by setting up any matter which was or might have been raised in the original suit are unavailing. The point is that defenses were actually raised by the general denial in the former case.

The judgment being void for lack of a trial on issues, it can not stand. Hence the judgment on the pleadings of March 30, 1925, must be annulled, and judgment rendered to that effect in this suit. The judgment in the former suit being annulled will leave the parties the right to go on with the proceedings in the said former suit.

The judgment of March 30, 1925, and all proceedings thereafter in execution therof will be annulled and the case sent back for further proceedings not inconsistent with this opinion.